HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLEN GRIFFIN,<br><br>          Plaintiff,<br><br>     v.<br><br>SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE,<br><br>          Defendant. | CASE NO. C15-1088 RAJ<br><br>ORDER |

This matter comes before the Court on the motion of Defendant the Society of Professional Engineering Employees in Aerospace IFTPE Local 2001 (the "Union") to dismiss Plaintiff Ellen Griffin's Amended Complaint for failure to state a claim. Dkt. # 15. For the following reasons, the Court **GRANTS** the motion.

**I.    DISCUSSION**

Griffin believes that she was unjustly terminated from her employment with the Boeing Company ("Boeing"). Griffin filed a lawsuit against Boeing in 2013 alleging, among other things, discrimination with respect to pay and her termination from Boeing. Griffin failed to adduce evidence to support her case and on June 25, 2015, this Court

ORDER - 1

entered summary judgment in favor of Boeing. Twelve days later, on July 7, 2015, Griffin filed the instant action against her Union.

Griffin alleges that on October 7, 2013 she appealed her termination from Boeing to the Union's Executive Board, but that on or around November 13, 2013, the Union informed her that it decided not to take her grievance to arbitration because Boeing did not violate the collective bargaining agreement ("CBA"). Griffin further alleges that the Union fairly represents male employees and implies that the Union failed to fairly represent her because she is female.

This Court dismissed Griffin's claims in its prior Order. Dkt. # 11. However, the Court granted Griffin leave to amend her Title VII claim. *Id*. at p. 4. Specifically, the Court explained to Griffin that to survive a motion to dismiss on this claim, she must 1) allege that Boeing breached the CBA in a different way, 2) allege facts instead of purely conclusory statements showing that the Union allowed Boeing's alleged breach to go unrepaired, and 3) show that she was treated less favorably than other similarly situated male union members. *Id*.

Instead of ameliorating her complaint, Griffin re-alleges many of the same arguments and facts. She has not cured the defects of her original complaint. Therefore, having already given Griffin the opportunity to add the requisite allegations to the complaint, the Court now dismisses Griffin's Title VII claim with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("As here, where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'").

//
//
//
//

ORDER - 2

## II. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** the Union's motion. Dkt. # 15. Griffin's Title VII claim is dismissed with prejudice.

DATED this 15th day of February, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 3